UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FARZIN TABIB AND
SHAHLA AFSHAR,**

    *Plaintiffs*,

v.                                                             Case No. SA-21-CV-0116-JKP

**METROPOLITAN LLOYDS
INSURANCE COMPANY OF
TEXAS and JOHN CROUCH,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions – a *Motion to Dismiss with Prejudice Pursuant to Texas Insurance Code § 542A.006* (ECF No. 4), filed by Defendants, and *Plaintiffs' Motion to Remand* (ECF No. 6). Plaintiffs have not responded to the motion to dismiss, but they did file their motion to remand, which is fully briefed with Defendants' response (ECF No. 7) and Plaintiffs' reply brief (ECF No. 8). After considering the motions, briefing, other relevant filings, and the applicable law, the Court denies the motion to remand, dismisses the individual defendant without prejudice, and finds the motion to dismiss moot.

This case presents no dispute that Defendant John Crouch ("Crouch") is a nondiverse party. And "as long as a nondiverse party remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the

party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209. Such dismissal, furthermore, must be without prejudice because when "considering whether a nondiverse party was improperly joined . . . the court is *only* considering jurisdiction." *Id*. at 209-10.

Although the Court initially focuses on the motion to remand, both motions concern a post-suit election of liability by Defendant Metropolitan Lloyds Insurance Company of Texas ("Lloyds") pursuant to Tex. Ins. Code § 542A.006. As shown by the Case History for the state action, Plaintiffs filed their state petition on January 4, 2021; Defendants filed their answers on January 26, 2021, and on that same day, Lloyds filed an election of liability and Defendants moved to dismiss Crouch based on that election. Without awaiting a ruling on that motion to dismiss, Lloyds removed the case to federal court on February 5, 2021, *see Notice of Removal* (ECF No. 1), filed the notice of election (ECF No. 3), and moved to dismiss Crouch.

The undersigned has twice confronted the issues presented by the parties in relation to Tex. Ins. Code § 542A.006. *See Koenig v. Unitrin Safeguard Ins. Co.*, No. SA-20-CV-00887-JKP-HJB, 2021 WL 51762, at *1-3 (W.D. Tex. Jan. 6, 2021); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 WL 7670245, at *1-5 (W.D. Tex. Dec. 24, 2020). *Koenig* is factually indistinguishable from the current case – both involve a post-suit election of liability made before removal of the state action. *Compare* 2021 WL 51762, at *1 (noting election was made in the state answer) *with ECF No. 1-1* (showing election made by separate document in state action on date defendants filed their answers). While *Mazhar* also involved a post-suit election, the election of liability was made in the notice of removal itself and in an emailed letter sent that same day. *See* 2020 WL 7670245, at *2.

This Court recognized a developed "split of authority" on how to apply § 542A.006 when the insurer "has made its election in the state court proceedings or at the time of removal." *See*

2

*Koenig*, 2021 WL 51762, at *3, *Mazhar*, 2020 WL 7670245, at *3. And in *Koenig*, the Court found the *Mazhar* analysis equally applicable to that case. *See* 2021 WL 51762, at *3. Based on the analyses and discussions set out in *Koenig* and *Mazhar*, the Court is naturally inclined to rule similarly, i.e., deny the motion to remand, and grant the motion to dismiss, except for the request for dismissal with prejudice. As already noted, and as pointed out in *Mazhar*, despite § 542A.006 providing "for dismissal with prejudice following an insurer's election," the Fifth Circuit requires that "an improperly joined party" be dismissed without prejudice. 2020 WL 7670245, at *5 n.4 (citing *Probasco v. Wal-Mart Stores Tex., LLC*, 766 F. App'x 34, 36 (5th Cir. 2019) (quoting *Int'l Energy*, 818 F.3d at 209), *reh'g denied* (Apr. 24, 2019).

The Court has considered Plaintiffs' various arguments for remanding this action. But they present nothing that the Court has not already considered either expressly in its prior decisions addressing § 542A.006 or through its recalled deliberations while determining similar motions in the earlier cases. Plaintiffs present no new breakthrough, no persuasive decision, or any binding precedent requiring or persuading the Court to deviate from its prior path. Because Lloyds's election demonstrates that Plaintiff has no possibility of recovery against Crouch, the agent is considered improperly joined and his citizenship may be disregarded for purposes of diversity jurisdiction. *See Mazhar*, 2020 WL 7670245, at *4. The Court thus denies the motion to remand and dismisses Crouch from this action without prejudice in accordance with precedent.

Further, because Lloyds has elected to accept the liability Crouch may have, § 542A.006 "demands that he be dismissed from the suit." *Id*. at *2. But his dismissal "does not prevent Plaintiff[s] from asserting claims under Chapter 541 of the Texas Insurance Code" or preclude them from implicating the agent in those claims, deposing him, or presenting evidence of his acts or omissions. *See id*. (citing Tex. Ins. Code § 542A.006(d)-(g)).

For the foregoing reasons, the Court **DENIES** *Plaintiffs' Motion to Remand* (ECF No. 6), and in doing so, **DISMISSES** Defendant John Crouch from this action without prejudice. To the extent not otherwise precluded under the Federal Rules of Evidence, evidence of his acts or omissions may be offered at trial pursuant to Tex. Ins. Code § 542A.006(g). **The Clerk of Court shall terminate John Crouch as a party in this case.** Because the Court properly disregards the citizenship of Defendant Crouch for purposes of diversity jurisdiction, it finds that complete diversity exists, and it has subject matter jurisdiction over this action under 28 U.S.C. § 1332. The dismissal of Defendant Crouch **MOOTS** the *Motion to Dismiss with Prejudice Pursuant to Texas Insurance Code § 542A.006* (ECF No. 4), filed by Defendants.

**IT is so ORDERED.**

**SIGNED this 30th day of April 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**